# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2021

Lyle W. Cayce
Clerk

No. 19-60685
Summary Calendar

Melvin Grayer,

*Plaintiff—Appellant*,

*versus*

Zachary Couey, *Officer*; Harold Coulter, *Doctor*; Elaine Lege, *Captain*; Troy Peterson, *Sheriff*; Jane and John Does,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:17-CV-316

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Melvin Grayer, Mississippi prisoner # 08710, # 406020, and # 433359, appeals the magistrate judge's final judgment dismissing his 42 U.S.C. § 1983

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60685

complaint.  He has also filed motions for the appointment of counsel and a stay pending appeal.

At the time Grayer filed his notice of appeal and moved for leave to proceed in forma pauperis (IFP) in this case, he had, on at least three prior occasions while he was incarcerated, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief could be granted.  *See Grayer v. Filliyaw*, 737 F. App'x 215, 215-16 (5th Cir. 2018); *Grayer v. Filliyaw*, No. 3:16-CV-709 (S.D. Miss. Aug. 22, 2017); *Grayer v. GEO Corp. Office Grp., Inc.*, 602 F. App'x 213, 213-14 (5th Cir. 2015).  He is therefore barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).  There is no allegation, nor does the record reflect, that Grayer was under imminent danger of serious physical injury when he filed his notice of appeal or IFP motion.  *See id*.  Thus, the magistrate judge improvidently granted him leave to proceed IFP on appeal.

Accordingly, Grayer's IFP status is decertified and the appeal is dismissed.  Grayer has 15 days from the date of this opinion to pay the full appellate filing fee to the clerk of the district court, should he wish to reinstate his appeal.  His motions for the appointment of counsel and a stay pending appeal are denied.

IFP DECERTIFIED; § 1915(g) BAR IMPOSED; MOTIONS DENIED; APPEAL DISMISSED.